48 CCPA

**Matter of the Application of Lawrence P. BIEFELD.**

**Patent Appeal No. 6607.**

United States Court of Customs and Patent Appeals.

Jan. 13, 1961.

James H. Littlepage, Washington, D. C., Herman Hersh, Ooms, McDougall, Williams & Hersh, Chicago, Ill., (Staelin & Overman, Toledo, Ohio, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (J. E. Armore, Washington, D. C., of

counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.*

MARTIN, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of claims 8 and 9 of appellant's application serial No. 200,417, for "Sized Glass Fiber Products." Two claims were allowed by the examiner.

It appears that newly manufactured thin glass fibers are quickly destroyed by abrasion from contact with other fibers or with parts of machines, and that certain resinous substances do not adhere properly to glass fiber surfaces. Appellant's invention relates to glass fibers sized with or bearing a thin surface film of a particular organic chemical composition. Such fibers are said to possess superior properties particularly when used as a reinforcement in plastics and laminates.

The appealed claims are as follows:

"8. Continuous glass fibers sized in forming to provide a thin film on the glass fiber surfaces with 1–5 percent by weight of a composition containing in admixture 1–10 parts by weight of a butadiene-styrene copolymer formulated of 60–70 parts by weight styrene and 40–30 parts by weight butadiene and 0.2–2.0 parts by weight of a lubricant selected of a fatty acid amine in which the alkyl group is unsaturated in a carbon to carbon linkage and has more than 8 carbon atoms.

"9. Glass fibers having a thin film on the surfaces thereof in the form of a size with a butadiene-styrene copolymer in admixture with a cationic amine lubricant having an organic group attached directly to the basic nitrogen atom containing more than **8 carbon** atoms and an unsaturated carbon to carbon linkage."

The two allowed claims relate to the sized glass fibers recited in the appealed claims in combination with particular resinous materials.

Claims 8 and 9 stand rejected as being unpatentable over a combination of the following references:

| | | |
|---|---|---|
| Sloan | 2,356,542 | August 22, 1944 |
| Steinman | 2,552,910 | May 15, 1951 |
| Biefeld et al. | 2,673,823 | March 30, 1954 |

The Biefeld et al. patent, which is the principal reference relied on, discloses leather substitutes prepared by contacting glass fibers, for example, in the form of a woven fabric or unwoven mat, with two "incompatible" substances, a "treating material" and an "impregnant." It is contemplated that the fibers be coated first with the treating material and that a thin space or "pore-like opening" would remain between each coated fiber and the incompatible impregnant. This "microporous" structure would give the final fabric its desired leather-like properties. Pertinent among the suitable treating materials are "cationic-active compounds based upon the ionizable salt of a basic nitrogen * * * atom." Pertinent among the impregnants is butadiene-acrylonitrile copolymer which may also serve as a treating material in combination with some other incompatible impregnant. Treating material and impregnant may be added in that order or together in intimate mixture. Biefeld et al. also teach that the degree of permeability of the finished fabric may be influenced by treatment with a third substance, a hydrophobic or hydrophilic agent, before or after impregnation or by incorporation of the agent into the impregnant. Pertinent among the hydrophobic agents are:

" * * * a cationic active compound of the type described by Sloan, No. 2,356,542, [or] a Werner or chrome-complex of the type

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of*

*Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28, United States Code.

described by Iler, No. 2,273,040 in which the acido group coordinated with a trivalent chromium atom is constituted with at least 10 atoms * * *."

The Steinman patent relates to the coating of glass fiber surfaces with certain "Werner complexes" of the type described in certain patents to Iler, including the Iler patent cited in the above excerpt from Biefeld et al. It appears that normally non-adherent resinous substances will adhere to glass fibers so coated. Steinman also teaches the use of Werner complexes with "acido groups" containing fewer than 10 carbon atoms. A pertinent part of the Steinman disclosure relates to the strong adherence of certain resinous substances including butadiene-acrylonitrile and butadiene-styrene copolymers to glass fibers coated with a particular Werner complex prepared from cyanoacetic acid.

The Sloan patent, in pertinent part, relates to the treatment of glass surfaces with certain long-chain amines, including unsaturated amines, whereby the surfaces become hydrophobic and organophilic. It is noted that this patent is cited in the quoted portion of Biefeld et al., supra.

With this prior art background, we turn to the appealed claims. It is noted that these recite glass fibers "sized in forming to provide a thin film on the glass fiber surfaces" (claim 8) or "having a thin film on the surfaces thereof in the form of a size" (claim 9). The size or thin film consists of a butadiene-styrene copolymer in combination with a particular type of amine.

The examiner rejected the appealed claims "as lacking invention over Biefeld in view of Steinman and Sloan." The board affirmed this rejection. The position of the Patent Office appears to be represented fairly by the following excerpt from the solicitor's brief: [1]

"It is believed to be beyond dispute that Biefeld et al. * * * teach at a minimum that glass fibers are coated or sized with a mixture of a treating material and impregnant * * *, the former being a cationic active compound of the type described by Sloan * * * and the latter being an elastomer of the type of butadiene-acrylonitrile copolymer (Buna N) * * * and that the mixture may be wiped onto the glass fibers as they are formed * * *. The product so formed is essentially the product defined in appealed claim 9, except for the butadiene copolymer. The defined copolymer is an old material and is recognized by the art as an equivalent of the butadiene-acrylonitrile (Buna N) of the reference, as clearly evidenced by the disclosure of Steinman * * *, where both copolymers are taught as useful in coating glass fibers. * * *"

We do not agree with this rejection. It is important to keep in mind what is being claimed. The claims clearly recite glass fibers bearing a *thin surface film* of a mixture of a butadiene-styrene copolymer and an amine. We do not find in the Biefeld et al. patent information or advice which would lead one skilled in the art for any reason to form a *thin film* on glass fibers with such a mixture or even a mixture of a butadiene-acrylonitrile copolymer and an amine Biefeld et al. contact glass fibers with a treating material, an impregnant, and, if desired, a hydrophobic or hydrophilic agent. In discussing application of the treating material, Biefeld et al. state:

"These substances may be applied from water or solvent solution or as dispersions or emulsions of various concentrations depending upon the method of application. Application, in turn, may be carried out by various methods commonly used in the coating or sizing industry; that is, the solution of treating material may be wiped onto the fibers as they are formed, it may be sprayed onto the fibers, or the fibers may be carried through a bath of the treating

---

1. Omitted portions are references to particular portions of the name patents.

material. The treating material may be applied after the fibers have been formed into a fabric. We have even secured the desired results when the incompatible treating material and impregnant are applied together in intimate mixture to the glass fibers in fabric form or with the glass fibers suspended therein. Ordinarily, an air-dry is sufficient to remove the diluents, or, when desired, elevated temperature may be employed for such purposes."

It is clear to us that "These substances" in this excerpt refers to the treating material. This paragraph is relied on by the Patent Office as a teaching of the addition of a mixture of treating material *plus impregnant* to glass fibers by a *wiping* process, presumably thereby forming a film on the glass. In our opinion, this represents an unduly distorted construction of this excerpt. A careful reading of the Biefeld et al. patent as a whole and in individual parts leads us to the conclusion that the patentees neither contemplate nor teach the coating or sizing of glass fibers in such a manner as to produce a thin film of impregnant either separately or in combination with a treating material. Nowhere in Biefeld et al. do we find use of an impregnant other than as "a substantially continuous phase" in which the glass fibers are dispersed. This is clearly not use as a thin film or size. Neither do we find in Biefeld et al. a definite teaching of glass fibers coated with thin films of treating material plus hydrophobic agent.

We turn next to a consideration of the Steinman patent which is relied on by the Patent Office as a teaching of the equivalence of butadiene-styrene and butadiene-acrylonitrile copolymers as glass fiber additives. It is our opinion that Steinman does not teach this equivalence generally enough so that it is reasonably applicable to the factual situation before us. According to the extent of Steinman's teaching, these two copolymers are equivalent only when applied to glass fibers coated with a particular Werner complex, that formed from cyan-oacetic acid. We do not believe that Steinman teaches one skilled in the art to use a butadiene-styrene copolymer in place of a butadiene-acrylonitrile copolymer, either as an impregnant or as a treating material, in the Biefeld et al. process.

In our opinion, it has not been shown that coating glass fibers with a thin film of a mixture of an amine and a resinous material such as butadiene-acrylonitrile copolymer is old or obvious. It has further not been shown that butadiene-styrene and butadiene-acrylonitrile copolymers are known to be generally equivalent as glass fiber additives. Because of this dual deficiency in the prior art, we reverse the rejection of claims 8 and 9. Holding as we do, it is unnecessary to consider the other arguments of appellant and the Patent Office.

Reversed.