59 CCPA

### Application of Alfred MARZOCCHI.
### Patent Appeal No. 8654.

United States Court of Customs and Patent Appeals.
March 30, 1972.

ROSENSTEIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection under 35 U.S.C. § 103 of claims 7, 10, 11 and 13 [1] as obvious in view of certain prior art. After consideration of "the differences between the prior art and the claims at issue," Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966), we affirm the decision of the board.

According to the specification, the invention relates to a natural rubber-resorcinol formaldehyde resin composition for use in either sizing glass fibers or impregnating yarns, cords and fabrics of glass fibers. The composition is said to enhance bonding relationships between the fibers and elastomeric materials when the fibers are employed to reinforce the elastomers in such end use areas as drive belts and tires.

Claim 10 is illustrative of the composition when used as a size on glass fibers:

10. Glass fibers and a size present as a thin coating on the glass fiber surfaces in which the size consists essentially of the combination of a natural rubber—resorcinol formaldehyde resin and an anchoring agent selected from the group consisting of an organo silicon compound and a Werner complex compound in which the organic group attached to the silicon atom of the organo silicon compound and in which the carboxylato group coordinated with the chromium atom of the Werner complex compound contains a group selected from the group consisting of amino and epoxy groups and in which the anchoring agent is present in the ratio of 0.1 to 5 parts by weight per 100 parts by weight of the natural rubber—resorcinol formaldehyde resin in which the resorcinol and formaldehyde are reacted in the molar ratio of about 2 to 1.

Keith V. Rockey, Herman I. Hersh, Chicago, Ill., and Carl G. Staelin, Toledo, Ohio, attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred E. McKelvey, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and ROSENSTEIN, Judge, United States Customs Court, sitting by designation.

1. Appearing in application serial No. 398,305, filed Sept. 22, 1964 and entitled "Glass Fiber Reinforced Elastomers."

Claim 11 defines a particular silane as the anchoring agent.

Claim 7 is illustrative of the use of the composition to impregnate an already-sized bundle of glass fibers:

> 7. A glass fiber bundle, a thin size coating on the surfaces of the glass fibers in the bundle and a composition impregnating the bundle of sized glass fibers consisting essentially of a natural rubber—resorcinol formaldehyde resin in which the resorcinol and formaldehyde are reacted in the molar ratio of about 2 to 1.

Claim 13 limits the size coating of claim 7 to 0.5–1 percent by weight.

### The Prior Art

The board affirmed the examiner's rejection of all claims under 35 U.S.C. § 103 as unpatentable over Lessig[2] or Ells[3] in view of van Gils,[4] Biefeld and Eilerman.[5]

Lessig describes a composition and method for increasing the adhesion of rubber to fibers, cords and fabrics manufactured of, inter alia, glass. The composition comprises a polyhydric phenol aldehyde-rubber latex adhesive, preferably a resorcinol formaldehyde-rubber latex mixture. The fibrous material to be treated is immersed in the adhesive "for a time no longer than that necessary to wet the cord," and is subsequently dried at elevated temperatures.

The van Gils patent discloses that rubber latices compounded with substantial amounts of resorcinol formaldehyde resin have been used for adhering tire cord fabric to rubber for many years. The examiner pointed out, and appellant does not deny, that the resorcinol: formaldehyde molar ratio employed by van Gils is on the order of 2:1.

The board regarded Ells as the most pertinent reference. It too discusses the solution to the problem of increasing adhesion between rubber and various fibrous reinforcing materials, "whether in the form of cord, yarn, fabric or filaments," by treating the fibers with a "bonding latex." Among the bonding latices disclosed by Ells are colloidal emulsions of such conjugated diene materials as natural rubber and a "modified" butadiene-styrene-vinyl pyridine terpolymer. The modifying agents disclosed as suitable for the latter include a resorcinol formaldehyde resin. When the fibrous material to be treated is relatively nonreactive, such as glass fibers, Ells states that "it is desirable to use multiple coatings of bonding latex." Ells further states:

> The fibrous materials, when in the form of continuous filament yarn, may be coated with the compositions employed herein by passing the yarn through a bath and squeezing to remove excess solution and to evenly distribute the latex composition on the fibers. Other techniques known in the art for applying a solution to fibers can also be employed such as for instance, padding or spraying, or, in fact, any system which will provide a pickup of the diene rubber latex in the range of from about 0.5% to about 20% and preferably from about 2% to about 5% calculated on the weight of the starting fibers and on the latex solids. * * *

In the event a second latex coating is desired, process conditions are adjusted so that the already-coated fibers will pick up another 0.5–20% latex solids calculated on the weight of the starting fibers.

As his invention, Ells found that he could solve an occasional problem of oxi-

2. U.S. Patent No. 2,314,998, issued March 30, 1943.

3. U.S. Patent No. 3,330,689, issued July 11, 1967 on an application filed June 20, 1963.

4. U.S. Patent No. 3,194,294, issued July 13, 1965 on an application filed November 21, 1961.

5. Biefeld and Eilerman were employed by the examiner to show obviousness of the anchoring agents recited in claims 10 and 11, limitations on which appellant does not rely for patentability. The board did not find it necessary to discuss those references, nor do we.

dative breakdown of the latex coating by incorporating "paraffin wax into the latex prior to coating a substrate with a diene rubber latex, or a material previously coated with a diene rubber latex may be made oxidation resistant by superimposing a paraffin coating on the latex coating."

### Differences in Subject Matter

Appellant posits several differences between the subject matter of his claims and the disclosure of the prior art, some of which differences are real, others rather tenuous. Summarized, they are:

(1) The claim language excludes the presence of paraffin wax in the size or impregnating compositions, whereas the essence of Ells' invention is the provision of paraffin wax in the bonding latex composition to inhibit oxidation.

(2) The claims recite the use of a natural rubber-resorcinol formaldehyde resin composition to size or impregnate the glass fibers, whereas Ells does not disclose the use of such a composition at all.

(3) Claims 10 and 11 require the size composition to be present as a "thin coating" on the glass fiber surface, whereas the Ells or Lessig procedures would not result in such a coating.

(4) Claims 7 and 13 state that the glass fibers of the bundle are sized prior to impregnation, while Ells and Lessig do not disclose the prior application of a size coating.

With respect to the first difference posed by appellant, it is true that Ells does disclose the use of paraffin *in* his bonding latex composition as one aspect of his invention, while the claim language "consisting [or consists] essentially of" certain specified ingredients might be interpreted as excluding the presence of paraffin. See In re Janakirama-Rao, 317 F.2d 951, 50 CCPA 1312 (1963). The board felt that the omis-

sion of the paraffin from Ells' composition along with omission of its function would not be an unobvious expedient, particularly if the composition were to be used in circumstances where oxidation is not a problem. While we agree with the board's position, appellant appears to have overlooked the fact that Ells need not include paraffin *in* his diene rubber latex composition at all, but may subsequently apply it as a separate coating *on* the latex coating, as is clear from one of the heretofore-quoted portions of the Ells patent. That being the case, we see no difference, much less one productive of a conclusion of unobviousness, between appellant's claims and Ells' disclosure in that first respect.

As to appellant's second point, it cannot be gainsaid that Ells does not expressly disclose the use of a natural rubber-resorcinol formaldehyde resin composition. It is apparent from van Gils and Lessig, however, that resorcinol formaldehyde resins have long been combined with various rubber latex materials, including natural rubber, to promote adhesion between rubber and tire cord made of, among other things, glass. While the board did not specifically comment on the matter, the examiner saw nothing unobvious in the use of a resorcinol formaldehyde-natural rubber latex composition [6] as a substitute for the specific bonding latex composition disclosed by Ells. Appellant has presented no evidence or argument persuasive of error in that position.

The last two points of difference set forth above are best discussed together. Appellant contends the board erred in finding that Ells' or Lessig's treatment of multifilament yarns or cords with bonding latex composition in one or more coating operations results in a thin "size" coating being applied to the individual fibers of the yarn or cord. It is appellant's position that Ells' and Lessig's procedures involve *impregnation* of

---

6. As the solicitor points out, it appears from appellant's specification that the particular resorcinol formaldehyde-natural rubber latex composition used by him to formulate his sizing or impregnating compositions is commercially available from a division of a large rubber and tire manufacturer.

a fiber bundle with the bonding latex composition, and that neither reference discloses placing a thin *size* coating of any kind or composition on the individual filaments of his yarn or cord. Appellant states:

> Coating of the glass fibers to provide a thin coating on the fiber surfaces is difficult to achieve after the fibers have been gathered together into a multi-filament interplied yarn or cord, as in Ells et al. This is because it is difficult to penetrate into the interior of the glass fiber bundle, even by multiple impregnations. * * *

> * * * the treatment referred to in Ells et al. would not result in a thin size coating of the glass fibers as called for by claims 10 and 11. The immersion of cord for a time no longer than necessary to wet the cord would result only in the outer fibers of the cord being partially coated while the majority of fibers within the interior of the cord would be free of coating. * * *

He draws our attention to In re Biefeld 285 F.2d 826, 48 CCPA 795 (1961) where, according to appellant, this court has previously recognized the difference between a "size" coating on glass fibers and a coating effected by impregnation of a bundle of glass fibers.

The board observed Ells' disclosure of the desirability of treating nonreactive fibrous materials, such as glass, with a two-step coating process. It regarded the initial coating as a size coating comparable to that of claims 10 and 11, an inference it no doubt drew from Ells' description of passing the material "into a squeeze roll *size* box" (emphasis supplied) containing the latex composition. It considered the second coating to be an impregnant coating comparable to that

of claims 7 and 13, with the first coating serving as the "thin size coating" recited in those claims.

As we see it, the difficulty with appellant's argument is that he has placed nothing in the record to cause us to disbelieve the statement by Ells that, in his initial fiber coating step, the fibrous material is treated in a manner "to *evenly distribute* the latex compositions *on the fibers*" (emphasis supplied). The solids pick-up in that initial coating step of Ells is on the order of 0.5–20% by weight on the weight of the original fibers. That range encompasses or overlaps either of the ranges—0.5–1% for conventional size compositions apparently intended in claims 7 and 13, and 20–45% for the particular size composition of claims 10 and 11—disclosed by appellant in his specification as corresponding to the weight of a size coating. In light of the above, we think the board reasonably concluded on this record that all of Ells' fibers have a "thin" coating [7] on them in a weight corresponding to that of the "size" coating of any of the claims.

Section 103 of the 1952 Patent Act provides that a patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." In light of the background of the subject matter here, the scope and content of the prior art, and the differences between it and appellant's claims, we think appellant's discovery would have been obvious to one of ordinary skill.

The decision is affirmed.

Affirmed.

---

7. It is doubtful in any event that the relative term "thin coating" in and of itself would distinguish over Ells. See In re Weber, 312 F.2d 810, 50 CCPA 980 (1963).